IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. QUILLING,

    Petitioner,        No. 2:13-cv-0384 KJM CKD P

   vs.

G. SWARTOUT,

    Respondent.       FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his fifteen-year sentence, imposed in September 2009 following a conviction in the Sacramento County Superior Court for assault with a firearm and threatening a public officer, along with firearm enhancements. (Dkt. No. 1 at 1, 15-16.) Petitioner claims that the trial court erred in failing to stay a portion of his sentence pursuant to California Penal Code section 654. (Id. at 26-33.)

        Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and attached exhibits that petitioner is not entitled to federal habeas relief.

1

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972). "So long as the type of punishment is not based upon any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violations of state statutes are matters of state concern." Makal v. Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976).

In challenging the trial court's application of state sentencing law, petitioner has not raised a claim upon which federal habeas relief may be granted. Thus the undersigned will recommend that the petition be summarily dismissed pursuant to Rule 4.

Accordingly, IT IS HEREBY RECOMMENDED THAT the petition be dismissed pursuant to Rule 4 of the Rules Governing Habeas Cases Under Section 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may

/////

/////

1  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 15, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
quil0384.Rule4